UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA J. DICK | § | |
|    Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | Civil Action H-07-0330 |
| | § | |
| CITI TRENDS, INC., | § | |
|    Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Defendant Citi Trends, Inc. has filed a motion (Dkt. 18) seeking the summary dismissal of plaintiff Barbara J. Dick's complaint (Dkt. 1) filed pursuant to the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. For the reasons expressed below, it is recommended that the motion be granted.[1]

**Background**

Barbara Dick is a former assistant store manager for Citi Trends, a nationwide fashion retailer with several stores in the Houston area. Dick is Black, and was 53 years old at the time of hire in October 2004. She received several disciplinary write ups and a poor performance review during her 13 months on the job. In November 2005 she was injured

---

[1] In light of this recommendation, Dick's other pending motions (Dkt. Nos. 13, 19, 21, 24, 25) are denied as moot. Although ambiguously phrased, these motions seek relief that Dick is not entitled to, in addition to discovery which is both irrelevant to her discrimination claims and cumulative of that already in the record. Citi Trends most recent motion (Dkt. 26) is therefore moot as well and is denied.

during an altercation with a shoplifter, and never returned to work.  Her employment was terminated pursuant to corporate policy on January 27, 2006, when her FMLA leave expired and she was unable to provide a return to work date.

Dick complains that she began having problems with store manager Becky Johnson and district manager Doris Wilson in late 2004, when Dick called a loss prevention hotline to accuse Johnson and an assistant manager of stealing from petty cash.  The loss prevention department advised district manager Wilson of Dick's report and conducted an investigation.  The investigation exonerated Becky Johnson, but the accused assistant manager resigned under a cloud.[2]

According to Dick, her supervisors resented her hotline call for airing dirty laundry outside the local chain of command.  After her hotline call, Dick was denied promotion to store manager, and received a poor job evaluation as well as several write-ups for performance problems.  Dick also complains of negative comments from her supervisors.  Both Wilson and Johnson told her that she was too slow,[3] and Wilson told her she was "evil," that she had an antisocial attitude,[4] that she would never get to manage a store in her district,[5] and that "you can't teach an old dog new tricks."[6]  In general, Dick complains that Wilson

---

[2] Dkt. 18, Ex. D, pgs. 89-112.

[3] Dkt. 18, Ex. A, p. 2, Ex. C, p. 2.

[4] Dkt. 18, Ex. D, p. 102.

[5] *Id.*, p. 107.

[6] *Id.*, pgs. 106, 109.

would harass her by giving her too much work,[7] repeatedly asking if she was doing her work,[8] and criticizing her for wearing high heels and matching clothes.[9] Dick has testified that these things would not have occurred if she had not made the hotline call to loss prevention.

After her termination in January 2006, Dick filed a charge with the Equal Employment Opportunity Commission claiming that Citi Trends had discriminated against her based on age and race. The EEOC dismissed the charge with a no-cause finding on October 20, 2006, and Dick timely filed this *pro se* action on January 22, 2007.

The gist of Dick's complaint is that she was denied promotion and terminated due to her age and race. The complaint also refers to other conduct she deemed objectionable, such as derogatory comments about her clothing and religion. But even on the most charitable reading these items cannot fairly be construed as stating separate or additional causes of action.

In its summary judgment motion, Citi Trends argues that Dick was fired "for the sole reason that she had exhausted her FMLA leave entitlement and could not provide a foreseeable return to work date."[10] In fact, Dick concedes that she did not provide a return

---

[7] *Id.*, p. 96.

[8] *Id.,* p. 94.

[9] *Id.*, pgs. 96-97.

[10] Dkt. 18, p. 2.

3

to work date,[11] and that she was physically unable to work until March of 2007.[12] Citi Trends also asserts that Dick was not considered for promotion to store manager due to her poor work performance.

Oral argument was heard on June 18, 2008.

## Standard of Review

To obtain summary judgment, Citi Trend bears the burden of demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment should issue if, after having adequate time for discovery, Dick has produced insufficient evidence to create a jury question on one or more of the essential elements of their claims. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).

## Analysis

The Supreme Court has succinctly summarized the appropriate summary judgment inquiry in employment discrimination cases:

---

[11] Dkt. 21, p. 3.

[12] Dkt. 18, Ex. D, p. 17.

> Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149 (2000). This standard has been refined and restated in numerous Supreme Court and Fifth Circuit decisions that need not be rehearsed here. Citi Trends is entitled to summary judgment because no reasonable jury could return a verdict of intentional age or race discrimination on this set of facts.

**1.    Age Discrimination**

   **A.    Promotion**

The only evidence suggestive of age bias is the "old dog" comment attributed to Dick's district manager, Doris Wilson.[13] Combined with the fact that some (but not all) employees promoted to store manager were under the age of 40,[14] this evidence may be generously construed as crossing the low threshold necessary for a prima facie inference of age discrimination.

But the inference is extremely weak. Placed in context, Wilson's alleged comment does not indicate that she considered Dick's age when making promotion decisions. Wilson herself was in the protected age category (43) and was responsible for hiring Dick in the first place. In fact, she had offered a store manager position to Dick at the very outset, which

---

[13] Dkt. 18, Ex. D, pgs. 106, 109.

[14] Dkt. 19, p. 10

Dick declined.[15] While it is theoretically possible that a district manager might over time develop an unlawful prejudice against employees of a certain age, the record demonstrates that Wilson's disfavor was generated early in Dick's 13 month tenure by a single event having nothing to do with her age.

Dick admitted in deposition that, less than three months after she was hired, she submitted a corporate hotline complaint accusing store managers of stealing from petty cash.[16] According to Dick, her employment relationship with Doris Wilson changed solely as a result of Wilson's resentment that Dick had not followed the chain of command in pursuing her complaint.[17] Dick testified that Wilson made the "old dog" comment as part of a heated exchange in which Wilson expressed displeasure over the hotline call, and warned Dick not to do it again.[18] Dick asserts that her problems with Wilson began that day, and that she would have been promoted to store manager had she not made the hotline complaint to Loss Prevention.[19] Accepting Dick's version of events as true, Wilson's employment decisions regarding Dick were motivated by personal spite rather than a newly-discovered age bias. While personal spite is not the most admirable of human motivations, neither is it unlawful under the ADEA, absent some connection to the employee's age. No such

---

[15] Dkt. 18, Ex. D, pgs. 139-40.

[16] *Id.*, pgs. 89-94.

[17] *Id.* pgs. 93-93, 140.

[18] *Id.*, pgs. 106, 109.

[19] *Id.*, pg. 112.

connection has been shown on this record.

To the contrary, the record amply supports the employer's stated reason for failing to promote Dick—her poor performance. In April 2005 Dick was given a performance review with an overall rating of 3 out of a possible 5, which rated many categories of her performance as "needs improvement."[20] Dick agreed this was not a good performance review.[21] Dick also received four separate write-ups for poor performance.[22] She regularly failed to complete markdowns, an important task for a retail clothing store.[23] She was not well liked by her co-workers, who complained that she was rude and unhelpful.[24] Her regional manager, Chuck Strickland, told her that her performance reviews were too low to justify promotion, and counseled her to improve her performance in order to be considered for advancement.[25]

Upon reviewing this uncontroverted evidence, the court finds no basis to believe that the employer's stated reasons were a mere pretext to disguise its discriminatory intent. Citi Trends is entitled to summary judgment on this claim.

**B.    Termination**

---

[20] Dkt. 18, Ex. B, p. 2, ¶ 7.

[21] Dkt. 18, Ex. D. pgs. 113-15.

[22] Dkt. 18, Ex. C, p. 2, ¶ 6.

[23] *Id.*

[24] *Id.* at pgs. 1-2, ¶ 4; *see also* Dkt. 18, Ex. D, pgs. 99-103.

[25] Dkt. 18, Ex. C, p. 2, ¶ 4.

Nor is there any reason to believe Dick's termination was the product of age discrimination. The "old dog" comment is not even relevant here, since it is undisputed that Doris Wilson was not involved in the discharge decision in any way.[26] That decision was made at corporate headquarters, for the sole reason that Dick did not provide an anticipated return to work date at the time her FMLA leave expired in January 2006.[27] Dick does not contest the factual accuracy of defendant's stated reason; in fact, she asserts that she will never be able to work in retail again, and was not able to work in any capacity until March of 2007, more than a year after her termination.[28]

An employer has the right to set rules and regulations concerning employee attendance and return from leave. Neither the ADEA nor Title VII require an employer to hold open a position indefinitely with no assurance when or if an injured employee will be able to return to work. Nor has Dick cited any evidence that Citi Trends has applied this policy in a discriminatory fashion.

Citi Trends is entitled to summary judgment on this claim.

**2.   Race Discrimination**

The summary judgment record amply refutes the racial discrimination allegations. As Dick acknowledged during oral argument, most of the promotions she complains about went

---

[26] Dkt. 18, Ex. B, p. 2, ¶ 5, and Ex. C, p. 1, ¶ 3.

[27] Dkt. 18, Ex. B, p.2, ¶ 5.

[28] Dkt. 18, Ex. D, pgs. 17, 22-23, 131-33.

to Black employees. Dick's own store manager (Johnson) and district manager (Wilson) were both Black, further underscoring Citi Trends' commitment to equal opportunity in staffing management positions. There is no evidence to suggest that either of these supervisors harbored racial animus towards Dick or any other member of their own race. Finally, Dick's sub-par job performance was fully corroborated by documentary and testimonial evidence, and nothing suggests that her unsatisfactory work was a mere pretext for race discrimination in promotion.

The same is true with respect to the termination claim. Dick was terminated pursuant to a legitimate corporate return-to work policy, and she has offered no proof that this policy has been discriminatorily applied to Black employees.

## **Conclusion**

The crux of Dick's lawsuit is her belief that she was treated unfairly by supervisors who resented her call to the loss prevention hotline. Unfortunately for her, even if this were true,[29] it would not constitute unlawful age or race discrimination. Title VII and the ADEA do not remedy all unfairness in the workplace, but only unfairness in the form of invidious discrimination. Like many claimants, her square peg of unfair treatment does not fit the round hole of discrimination targeted by these statutes.

The court recommends that Citi Trends' motion for summary judgment be granted in its entirety.

---

[29] The court makes no finding one way or the other on the issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on July 18, 2008.

Stephen Wm Smith
United States Magistrate Judge